Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-255-KSF

JOHN FRANCIS                                                                                PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

BARRY HARMON, et al.                                                   DEFENDANTS

John Francis, an individual currently incarcerated in the Northpoint Training Center, in Burgin, Kentucky, has instituted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, and has requested to proceed *in forma pauperis*. He will be granted permission to proceed *in forma pauperis* by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Francis is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff alleges that while he was a pre-trial detainee at the Boyle County Detention Center, the Defendants proceeded to do a cavity search, which violated his rights under (1) the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution; (2) the Kentucky Constitution at Sections 1, 2, 11, and 17; and (3) the Boyle County Detention Center's own Search Policy and Procedure.

## DEFENDANTS

The Plaintiff has named 4 Defendants at the Boyle County Detention Center, in Danville, Kentucky, and states that they are sued in their official and individual capacities. The Defendants are Jailer Barry Harmon, Sergeant Danny Sallee, Deputy Scott Rousey, and Nurse Brenda Rousey.

## RELIEF REQUESTED

Plaintiff seeks a trial by jury and damages, including punitive damages.

## FACTUAL ALLEGATIONS

Plaintiff alleges that on or about March 3, 2007, Defendant Sallee escorted him from Cell Number 235 to a medical examination room for the purpose of conducting a body cavity search of his anus for contraband, specifically drugs. Upon arrival in the room, where two other Defendants, Nurse Rousey and Officer Rousey, were waiting, Plaintiff purportedly told them that "it wasn't going to happen, [and] they responded, it would."

Plaintiff states that after the Defendants threatened to call additional officers to assist them, he decided to comply and bent over the examination room table. "[J]ust before Nurse Rousey inserted Her [sic] finger into my anus, Sgt. Danny Sallee stepped back a little and stated 'technically

2

guys I don't think we can do this.'" The nurse inserted a finger in his anus, nonetheless, and found no contraband.

The Plaintiff presents no further allegations regarding the incident. His only additional allegations go to the Detention Center's grievance procedures. In response to an inquiry on the complaint form, Francis indicates that there was a grievance system, but he did not use it because another Deputy Jailer, named Sue, informed them that this incident was not grievible [sic], and because the Boyle County Detention Center Grievance policy could not give him the relief he requested.

On August 14, 2007, he filed the instant lawsuit for damages.

## DISCUSSION

To establish a right to relief under § 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff has not met even the first of these requirements. When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient and dismassable under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th

3

Cir.), *cert. denied*, 484 U.S. 945 (1987)); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir.1988). .

Plaintiff was incarcerated. His custodians have a duty to make sure the facility is secure in many respects, one of which is to search for contraband regularly. Plaintiff has alleged that the Defendant nurse conducted a body cavity search to which he objected, and two of the Defendant officers threatened to force him to bend over, with the result that he decided to comply and bent over. How did this search violate his Constitutional or other rights? The Plaintiff does not say.

Even if the Plaintiff's assertions were construed as a claim of an infringement on his Fourth Amendment right not to be subjected to an unreasonable search, he is advised as follows. The Fourth Amendment does not prohibit the search of an inmate's person, so long as the search is reasonable in scope, manner, and location; is reasonably related to a valid penological goal; and is not performed for a wrongful purpose, such as to humiliate or degrade a prisoner. *Bell v. Wolfish,* 441 U.S. 520, 558-59 (1970) (finding that visual body-cavity searches of pretrial detainees was reasonable); *Grummett v. Rushen,* 779 F.2d 491, 495-96 (9th Cir.1985) (pat-down searches reasonable); *Madyun v. Franzen,* 704 F.2d 954, 957 (1983) (frisk search is reasonable). Given the paucity of the instant Plaintiff's factual allegations, no Fourth Amendment claim has been stated. *See Hale v. Burns*, 2007 WL 2021938 (E.D.Tenn. 2007) (slip op.) (same conclusion).

Nor has the Plaintiff pled any facts which would support an Eighth Amendment claim. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992). In fact, the Sixth Circuit has instructed that "the Supreme Court clarified the standard to be used in analyzing 'excessive force' claims under the Eighth Amendment:

4

> [W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. "

*Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir.), *cert. denied*, 115 S. Ct. 2269 (1995) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). *See also Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993); *Caldwell v. Moore*, 968 F.2d 595, 599-600 (6th Cir. 1992); *Cornwell v. Dahlberg*, 963 F.2d 912, 918 (6th Cir. 1992). Plaintiff Francis admits what he was refusing to obey the officers. The Court finds no Eighth Amendment claim stated herein with regard to any of these three Defendants.

Plaintiff makes no allegation at all with regard to Jailer Barrry Harmon and the incident. Harmon's name appears only as a Defendant on the front page of the complaint. To the extent that he is named as a Defendant based upon his supervisory role over the other Defendants, the Plaintiff is advised that he cannot recover against Harmon on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). Under circumstances such as these, *respondeat superior* no longer applies to impute liability onto supervisory personnel. In order to find a supervisor or employer liable, the Plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). The instant Plaintiff having failed to allege Harmon's personal involvement, the claims against him will be dismissed also.

Another flaw is that Francis does not state that the complained-of search injured him in any way. Injury is a legal necessity. Moreover, as to prisoner-plaintiffs' injuries and lawsuits, in 1996,

Congress specifically directed as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Without an injury, there is no permissible lawsuit.

Plaintiff's claims regarding violations of the Kentucky Constitution and the Detention Center's own rules are similarly unsupported. Even if they were not, the Court would not entertain them absent an independent basis for jurisdiction. The trial court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). When a plaintiff has no federal cause of action, as the Court has concluded herein, a district court may exercise its discretion to dismiss his pendent state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt,* 24 F.3d 781 (6th Cir. 1994).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This September 19, 2007.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**